UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LYNN WEST,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No.  1:21-cv-00824-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 17, 21) |

This matter is before the Court on Plaintiff Gary Lynn West's ("Plaintiff") complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 11, 13, 15.)

The matter was taken under submission on the parties' briefs without a hearing. Having reviewed the record, the administrative transcript, the parties' briefs, and the applicable law, the Court finds as follows.

**I.     DISCUSSION**

Plaintiff's sole issue on appeal is the weight given to the opinion of treating physician Jacob K. Peters, M.D. regarding Plaintiff's mental limitations. (*See* ECF No. 17.) This claim is

governed by the agency's "new" regulations concerning how ALJs must evaluate medical opinions for claims filed on or after March 27, 2017.[1] 20 C.F.R. §§ 404.1520c, 416.920c; (ECF No. 19, p. 17; ECF No. 22, pp. 4-5). The regulations set "supportability" and "consistency" as "the most important factors" when determining the opinions' persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). And although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a)-(b); 416.920c(a)-(b).

Recently, the Ninth Circuit has issued the following guidance regarding treatment of physicians' opinions after implementation of the revised regulations:

> The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant. *See* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . ., including those from your medical sources."). Our requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, *see Murray*, 722 F.2d at 501–02, is likewise incompatible with the revised regulations. Insisting that ALJs provide a more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources—contrary to the revised regulations.

*Woods v. Kijakazi*, No. 21-35458, 2022 WL 1195334, at *6 (9th Cir. Apr. 22, 2022). Accordingly, under the new regulations, "the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at *1. "Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.*

In conjunction with this requirement, "[t]he agency must 'articulate . . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these

---

[1] Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits on January 17, 2019. (A.R. 210-11.)

2

findings, *id.* § 404.1520c(b)(2)." *Woods*, 2022 WL 1195334, at *6.

> Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Id.* § 404.1520c(c)(1). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 404.1520c(c)(2).

*Id.*

As the Ninth Circuit also noted, "[t]he revised regulations recognize that a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion. *See id.* § 404.1520c(c)(3). Thus, an ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* § 404.1520c(c)(3)(i)–(v). However, the ALJ no longer needs to make specific findings regarding these relationship factors." *Woods*, 2022 WL 1195334, at *6 (citing § 404.1520c(b)(2)). "A discussion of relationship factors may be appropriate when 'two or more medical opinions . . . about the same issue are . . . equally well-supported . . . and consistent with the record . . . but are not exactly the same.' *Id.* § 404.1520c(b)(3). In that case, the ALJ 'will articulate how [the agency] considered the other most persuasive factors.'" *Id.*

With these legal standards in mind, the Court reviews the weight given to Dr. Peters' opinion.

Dr. Peters completed questionnaire forms dated March 8, 2018. (A.R. 385, 492.) He opined that Plaintiff is not able to do any full-time work and is unable to do any repetitive lifting. (*Id.*) Plaintiff's primary impairments are "widespread pain including back and knees." (*Id.*) Plaintiff could sit for one-to-two hours at a time and could stand and/or walk for 20-30 minutes at a time without rest or support. (*Id.*) In an eight-hour period, Plaintiff could sit for three-to-four hours at a time and stand and/or walk for one-to-two hours at a time. (*Id.*) Dr. Peters opined that Plaintiff has been disabled since December 1, 2016. (*Id.*) According to Dr. Peters, Plaintiff "has significant chronic pain and social anxiety. Unable to control with medication." (A.R. 493.) Plaintiff had a moderate inability to understand, remember, and carry out instructions, moderate inability to sustain activities, and moderate social anxiety impairing work with coworkers. (A.R.

3

494.) He had a marked inability to maintain attention, marked inability to perform a technical or complex job, and marked social phobia. (*Id.*) He had an extreme inability to withstand stress and pressure during an eight-hour workday and was likely to miss five-to-ten days of work per month. (*Id.*)

In weighing Dr. Peters' opinion, the ALJ reasoned as follows:

> Statements from treating provider Jacob Peters, M.D. are not persuasive. (Exs. 6F; 9F). The statements assessed that, among other things, the claimant could sit three to four hours and stand/walk one to two hours in an eight-hour day; had moderate to marked mental limitations; would likely miss five to ten days of work per month due to mental health issues; and had significant chronic pain and social anxiety preventing him from being able to work. The undersigned finds that this opinion is generally unpersuasive. Although Dr. Peters conducted in-person examinations, his findings were generally not supported by the examination findings and were generally not consistent with the evidence in the record, including the objective medical evidence an examination findings showing largely unremarkable examination findings and conservative treatment and improvement with such treatment, and the claimant's activities of daily living, such as, abilities to perform household chores and personal care, go grocery shopping, spend time with his children, read, watch television, and attend appointments. Moreover, an opinion that an individual is disabled or is unable to work is an opinion on the ultimate issue of disability, which is an issue that is reserved to the Commissioner of the Social Security Administration (20 CFR 404.1527(d) and 416.927(d)), and the Social Security Administration uses a different definition of disability.

(A.R. 22.)

Plaintiff only challenges the portions of Dr. Peters' opinion related to his mental functioning. (*See* ECF No. 17 at 15-18.) The ALJ first reason is that Dr. Peters' opinion was generally inconsistent with the medical record. The ALJ did not cite to any records in connection with this finding, but the preceding paragraphs contain a summary of medical records with specific citations and explanation. (A.R. 22-23.) For example, the ALJ cited to 2017 treatment records reporting that Plaintiff's depression and anxiety were controlled with current treatment and medication, he was noted to not be anxious appearing, and his treating provider began tapering his clonazepam. (A.R. 2022.) In 2018, he received refills on clonazepam and was noted to have anxiety but no depression and had normal neurological and other functioning. (*Id.*) In 2019, Plaintiff was noted to have generalized anxiety disorder, panic disorder with agoraphobia, and major depressive disorder, and therapy and learning coping skills were recommended. (A.R.

23.) In June 2020, Plaintiff reported that his last panic attack was two months prior and his daily anxiety and depression ranged from a five to ten. (*Id.*) In August 2020, Plaintiff reported being able to successfully use coping skills after a panic attack. (*Id.*) Thus, while the medical record reflects that Plaintiff has mental impairments, it was reasonable for the ALJ to conclude that the record did not support the severity of Dr. Peters' opined restrictions, including that Plaintiff had an "extreme inability to withstand stress and pressure" and would miss five-to-ten days of work per month. (A.R. 494.)  *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) ("When the evidence before the ALJ is subject to more than one rational interpretation, [the Court] must defer to the ALJ's conclusion.").

Plaintiff also argues that the ALJ's finding was improper because he "did not even acknowledge that Plaintiff was receiving care from a therapist and a psychiatrist" and failed to consider whether Dr. Peters' opinion was consistent with Plaintiff's treatment records from county mental health. (ECF No. 17 at 17). Although the ALJ did not specifically discuss consistency with the county mental health records in the evaluation of Dr. Peters' opinion, he did acknowledge and discuss those records during his summary of the medical evidence that preceded his analysis of Dr. Peters' opinion:[2]

> In February 2020 the claimant's examination was largely unremarkable, including a dysphoric, anxious, and irritable mood, normal thought processes and speech, intact attention and concentration and memory, orientation x4, and intact judgment, and a normal gait. (Exs. 10F; 9F/92-99).
>
> In April 2020 the claimant reported that he was being treated for fibromyalgia and depression and anxiety, among other things, and his treating provider was trying to taper him off of certain medication. At the end of June 2020 the reported having anxiety and depression daily ranging from a five to ten; he had a panic attack two months prior; and he had a good relationship with his children and he got along pretty well with them. In mid-July 2020 the claimant reported no change in his symptoms. In August 2020 the claimant reported a higher anxiety level and that he went to his son's school to pick up books and felt a panic attack, but was able to use coping skills and get home without an incident. He reported using coping skills, such as, positive thought replacement, progressive relaxation, and listening to soft music. Examination showed that the claimant was well-groomed, clean, and a normal weight; calm; pleasant; had soft, slow, and pressured speech; no hallucinations; was oriented to situation, time, place, and person; had normal attention and concentrating ability; was alert and had memory intact; had average intelligence; intact thought processes; sad and constricted mood and affect; and intact judgment and insight. (Ex. 11F).

---

[2] The medical records cited in Plaintiff's brief correspond to Exhibits 10F and 11F in the record. (*See* Doc. No. 17 at 17; A.R. 580-611.)

(A.R. 23.) *See Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1005, 1012 (9th Cir. 2003) ("[I]n interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence.") (citation and internal quotation mark omitted).

Additionally, Plaintiff does not address the ALJ's findings that Dr. Peters' opinion was not supported by his treatment records and inconsistent with Plaintiff's activities of daily living or that the ultimate disability determination is reserved to the Commissioner. Therefore, even if the Court accepted Plaintiff's argument that Dr. Peters' opinion was consistent with the medical record, any error in connection with this finding would be harmless because the ALJ provided other valid reasons for discounting Dr. Peters' opinion. *See, e.g.*, *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("So long as there remains 'substantial evidence supporting the ALJ's conclusions ...' and the error 'does not negate the validity of the ALJ's ultimate ... conclusion,' such is deemed harmless and does not warrant reversal." (quoting *Batson v. Comm'r. of Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir. 2004)).

Accordingly, the Court finds that the ALJ's reasons for the weight given to Dr. Peters' opinion are legally sufficient and supported by substantial evidence.

## II.     CONCLUSION AND ORDER

In light of the foregoing, the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **May 26, 2022**                         /s/ Erica P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE